Truby C. SLADE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21048.

United States Court of Appeals Fifth Circuit.

April 16, 1964.

As Amended May 13, 1964.

Truby C. Slade, Atlanta, Ga., for appellant.

Samuel S. Jacobson, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before MARIS,* GEWIN and BELL, Circuit Judges.

PER CURIAM.

On this appeal from an order denying a motion to vacate and set aside his conviction pursuant to Title 28 U.S. C.A. § 2255, the chief contention of the appellant is that the evidence used at his

* Of the Third Circuit, sitting by designation.

trial when convicted was inadmissible because it was obtained through an illegal search and seizure. Some of the evidence introduced against the appellant was located on his person and the remainder consisted of jugs hidden in weeds near the door of the house trailer in which he was living and which was the place of his arrest. The District Court concluded that all of the evidence was seized incident to a lawful arrest upon a valid warrant of arrest, and was therefore lawful evidence under the holdings in United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653, and Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663. We agree with the conclusion reached by the District Court. Such conclusion is further supported by the recent case of Preston, Petitioner, v. United States (84 S.Ct. 881), wherein the rule is stated as follows:

"Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. Weeks v. United States, 232 U.S. 383, 392, [34 S.Ct. 341, 344, 58 L.Ed. 652] (1914); Angello v. United States, 269 U.S. 20, 30, [46 S.Ct. 4, 5, 70 L.Ed. 145] (1925). This right to search and seize without a search warrant extends to things under the accused's immediate control, Carroll v. United States, supra, 267 U.S., at 158, [45 S.Ct. at 287, 69 L.Ed. 543,] and, to an extent depending on the circumstances of the case, to the place where he is arrested, Agnello v. United States, supra, 269 U.S. at 30, [46 S.Ct. at 5, 70 L.Ed. 145;] Marron v. United States, 275 U.S. 192, 199, [48 S.Ct. 74, 77, 72 L.Ed. 231] (1927); United States v. Rabinowitz, 339 U.S. 56, 61–62, [70 S. Ct. 430, 433, 94 L.Ed. 653] (1950). The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to as-sault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime —things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control."

The judgment is affirmed.