Per Curiam.

Petitioner bases his right to release on two grounds. First, that he was arrested without a warrant, and, second, that evidence was admitted during his trial which was obtained as a result of an illegal search and seizure. The same argument was presented to the trial court, and after a hearing thereon the evidence was admitted.
A search without warrant incident to and contemporaneous with a valid arrest does not violate the constitutional prohibition of illegal search and seizure. Also, such right to search extends to the premises upon which the arrest is made, and the evidence procured in such search is admissible. Draper v. United States, 358 U. S., 307; Preston v. United States, 84 S. Ct., 881; Harris v. United States, 331 U. S., 145; United States v. Rabinowitz, 339 U. S., 56; and annotation, 4 L. Ed. (2d), 1982.
That the search in the present case was contemporaneous with and incident to the arrest is not questioned. Thus, the determinative factor in this ease is the validity of the arrest.
*21 The arrest was made without a warrant. However, an arrest without a warrant may sometimes be valid. State v. Beck, 175 Ohio St., 73.
In Henry v. United States, 361 U. S., 98, 102, the court states:
“* * * Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed. * #
The facts adduced at the hearing herein emanate only from the statements of the petitioner himself.
On October 9, 1963, between 11:30 and 12 o’clock at night, the police had come to the vicinity of the building in which petitioner was arrested in answer to a complaint that one of the apartments was being used as a house of prostitution. From about 100 feet away they observed petitioner and two companions remove a large quantity of clothing from the trunk of an automobile. The clothing consisted of 29 men’s suits. The police saw petitioner and his companions carry the clothing into the building, followed them and arrested them in the apartment being used for prostitution. The police then searched the apartment, finding the clothing which was the basis of this conviction and which petitioner claims was illegally obtained evidence. It is petitioner’s contention that, inasmuch as the officers admitted that they did not know that a specific crime was committed and did not even know at the outset which apartment petitioner had gone into, there was no probable cause for the arrest.
Petitioner unduly restricts the right to arrest. It is not necessary that an officer know that a specific crime has been committed in order for him to have probable cause to make an arrest. It is sufficient if he has reasonable grounds to believe from the circumstances that a felony has been committed, and that the accused has committed it.
Therefore, the arrest here and the contemporaneous search in relation thereto were valid.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.