Taft, C. J.
The Supreme Court of the United States has held that the Fourteenth Amendment to the Constitution of the United States now requires a state court to suppress any evidence, no matter how reliable, acquired as a result of an unreasonable search. This represents a departure from its previous decisions on this precise question. Wolf v. Colorado (1949), 338 U. S., 25, 93 L. Ed., 1782, 69 S. Ct., 1359. See dissenting opinion, Mapp v. Ohio (1961), 367 U. S., 643, 672, 6 L. Ed. (2d), 1081, 1100, 81 S. Ct., 1684, 1701. However much the writer may disagree with the most recent holding of the Supreme Court on this question or question its wisdom or soundness (see 50 American Bar Association Journal, 815), we are required to follow it just as we followed its previous holding on the same question. See State v. Mapp, 170 Ohio St., 427, 166 N. E. (2d), 387.
The search of defendant’s automobile, having been made after the possessor of the automobile had been arrested and removed with the automobile to the police station, cannot be justified as incident to a lawful arrest. Preston v. United States *157 (1964), 376 U. S., 364, 11 L. Ed. (2d), 777, 84 S. Ct., 881.
However, the state contends that the search which resulted in the finding of these photographs was not unreasonable because (1) it was made with the consent of Miss Young and (2) for the purpose of attempting to ascertain the owner of the automobile so as to enable its return to him.
Obviously, the police who searched the automobile knew that it was not owned by Miss Young. Therefore, Miss Young’s consent could only be effective if authorized by defendant. Since defendant had entrusted the automobile to Miss Young, it might reasonably be argued that defendant had apparently authorized Miss Young to consent to a search of his automobile. United States v. Eldridge (1962), 302 F. (2d), 463. See Miller v. Wick Bldg. Co. (1950), 154 Ohio St., 93, 93 N. E. (2d), 467. However, the opinion of Mr. Justice Stewart in Stoner v. California (1964), 376 U. S., 483, 11 L. Ed. (2d), 856, 860, 84 S. Ct., 889, 892, clearly indicates that, in providing “procedural protections * * * to those charged with crime, ’ ’ a state court can give no consideration to the law of agency as developed by its decisions. Thus, he states:
‘ ‘ Our decisions make clear that the rights protected by the Fourth Amendment are not to be eroded by strained applications of the law of agency or by unrealistic doctrines of ‘apparent authority.’ As this court has said, ‘it is unnecessary and ill-advised to import into the law surrounding the constitutional right to be free from unreasonable searches and seizures subtle distinctions, developed and refined by the common law in evolving the body of private property law which, more than almost any other branch of law, has been shaped by distinctions whose validity is largely historical * * * [W]e ought not to bow to them in the fair administration of the criminal law. To do so would not comport with our justly proud claim of the procedural protections accorded to those charged with crime.’ * #
Our conclusion is that decisions of the Supreme Court of the United States require this court to hold that, where the owner of an automobile entrusts the possession and control thereof to another, a search thereof with the consent of the one so entrusted but without the express consent or authoriza *158 tion of such owner is, as against such owner, prohibited by the Fourteenth Amendment to the Constitution of the United States as an unreasonable search.
We cannot give serious consideration to the contention that it was necessary to break open the suitcase found in the trunk of defendant’s automobile in order to ascertain the ownership of that automobile. The evidence discloses that the police had checked the registration numbers on defendant’s car even before they arrested Miss Young. The car was registered in defendant’s name. The registration records would have disclosed defendant’s address and readily enabled the police to locate the owner of the automobile without breaking into the suitcase. A different situation might have been presented if the serial number of the car had not agreed with the serial number indicated by the registration records for the car or if there had been evidence that difficulty had been encountered in locating defendant from the address given for him in the registration record for his automobile.
In our opinion, the Common Pleas Court should have granted defendant’s motion to suppress the photographs as evidence. If it had, there would have been no evidence to support a conviction. It follows that the judgment of the Court of Appeals must be reversed and the defendant must be discharged. Because of this conclusion, it is unnecessary to consider the other contentions of defendant.

Judgment reversed.

Zimmerman, Matthias, O ’Neill, Griffith, Herbert and Gibson, JJ., concur.