LEON LOPER, PROSECUTOR, v. CITY OF BRIDGETON, DEFENDANT.

Decided April 23, 1925.

**Municipalities—Violation of Ordinance in Driving Auto Bus Without License—Complaint Contained Three Offenses, Which Judgment was General, Holding Defendant Guilty as Charged, Not Showing Which Offense He was Convicted—Testimony Fails to Show Proof of Two of the Offenses—Summary Criminal Proceedings Strictly Construed and Never Supplied by Intendment of Matter Which Does Not Appear on the Face of Them.**

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Rex A. Donnelly*.

For the defendant, *Walter H. Bacon, Jr.*

PER CURIAM.

The prosecutor, Leon Loper, was convicted in the "acting recorder's" court of the city of Bridgeton on a complaint containing three separate counts, charging him that, on the 4th day of February, 1924, at Bridgeton, being then and there the operator of an auto bus, operated an auto bus over the streets of the city of Bridgeton, namely, over East Commerce street, between Pearl street and its easterly boundary line of said city, the said prosecutor, Leon Loper, not being then duly licensed by the city of Bridgeton under the provisions of section 1 of the ordinance 298. of the city of Bridgeton, as amended by ordinance No. 311, which amendment was approved December 7th, 1923, and December 12th, 1923.

The second count charged the same character of offense, being committed by the prosecutor on the 6th day of February, 1924; and the third count charged the prosecutor with committing a like offense on the 7th day of February, 1924.

On this complaint a warrant was issued against the prosecutor, and he was apprehended and brought to trial before the acting recorder, who, after hearing the testimony, gave judgment as follows: "The decision after hearing the testimony—I adjudge Leon Loper, operator of an auto bus, before me, the said mayor, acting recorder of the city of Bridgeton, guilty as charged in the complaint, namely, violation of section 1 of ordinance No. 298 of the city of Bridgeton, as amended by ordinance No. 311, which amendment was approved December 7th, 1923, and December 12th, 1923. The defendant is by me adjudged guilty, and that he pay a penalty for such violation of $150, and the sum of $17.10, costs of this proceeding. · Total, $167.10."

Counsel of defendant in his brief says that the facts of the present case are substantially the same as those reviewed in cases No. 244, 245 and 246 of the February term; that the reasons for reversal are exactly the same as the reasons assigned for reversal in the three cases above mentioned. Most of the reasons assigned for reversal in the present case

were assigned and decided adversely to the prosecutor's contention. Mr. Justice Parker, in his opinion in the Supreme Court in *Bridgeton* v. *Zellers*, *Bridgeton* v. *Corson* and *Bridgeon* v. *Jones*, 2 *N. J. Adv. R.* 856, considered and decided the reasons presented for reversal in those cases, and, as a matter of course, those like reasons, raised in the present case, are controlled by the views expressed in the opinion of the Supreme Court. Moreover, the judgment in the cases above referred to was affirmed by the Court of Erorrs and Appeals, so that the matters there decided are no longer open to discussion. In the cases referred to and decided there were seventeen reasons for reversal, whereas in the present case there are nineteen reasons, of which seventeen are identical with those presented and decided.

Of the nineteen reasons here presented only two are open for discussion and consideration. These are as follows:

12. "Because the proof in this case was that, as a matter of practice, operators' permits or licenses to run buses into the city are granted only to the owners thereof, and that, hence, defendant was prosecuted for not obtaining a license which could not be obtained.

14. "The conviction is void, as complainant was charged with three offenses in the one complaint, while the judgment was general, that he was guilty as was charged in the complaint, not showing of which offense he was convicted."

As to reason No. 12, above quoted, we think it is so barren of merit that it may be dismissed without comment. Reason 14 attacks the validity of the complaint, conviction and judgment, which attack appears to be supported by the evidence returned with the writ and by the law relating to complaints, convictions and judgments in penal action of the character under consideration.

A careful reading of the testimony fails to disclose any proof that the prosecutor was operating the bus on the 6th and 7th days of February, as charged in the second and third count of the complaint. In view of the nature of the conviction and judgment rendered, the absence of any testimony tending to establish that the prosecutor operated the bus on

the 6th and 7th days of February, materially affected the validity of such conviction and judgment.

Before continuing a further discussion of the validity of the conviction and judgment, it is highly important to point out here that the ordinance under which the prosecutor was convicted is purely criminal in its nature, but falls within that class of legislation which a municipality may properly exercise by virtue of the police power vested in it. The proceedings are summary. The accused is deprived of trial by jury. It is within the discretion of the magistrate to fine him in a sum not exceeding $200, or to sentence him to imprisonment for a term not exceeding ninety days. The proceedings are instituted by a complaint, under oath, following by a warrant, and on conviction by fine or imprisonment. Of such proceedings Lord Denman said: "Proceedings in cases of this nature, which are to deprive a man of his freedom in a summary way, without letting him be tried by his peers, are always construed strictly and never supplied by intendment of matter, which does not appear on the face of them." *Fletcher* v. *Calthrop*. 62 *B*. 880, 891. The court ought to hold a tight hand over these convictions. *Rex* v. *Corden*, 4 *Burr*. 2281; *per curiam, R.* v. *Daman, 2 B. & Ald*. 378. Paley, in his learned treatise on *Summary Convictions* (at *p.* 179), says: "Mr. Sergeant Hawkins likewise assigns, as a reason for requiring greater certainty in them than indictments, that the defendant has no opportunity of pleading to these summary forms." 2 *Hawk. c.* 25, § 13. This reason is adopted by Lord Kenyon (*R.* v. *Jukes,* 8 *T. R.* 544), and by Lord Mansfield (*R.* v. *Little,* 1 *Burr*. 613), who says: "Convictions must be taken strictly, and it is reasonable that they should be so, because they must be taken to be true against the defendant, and, therefore, ought to be construed with strictness."

It seems to us that the present case falls within the ruling in *Asbury Park et al.* v. *Layton,* 69 *N. J. L.* 559. In that case Mr. Justice Dixon, speaking for the Supreme Court, said: "An examination of the ordinance as set out in the complaint shows that section 1, subdivision H of the ordi-

nance could be violated otherwise by engaging in the business of carrying passengers for hire with a stage drawn by two horses without a license, and, consequently, the adjudication of the justice fails to show that the defendant was found guilty of the specific charge made against him. The proceedings before the police justice were summary, and, hence, the record of conviction to be legal, must show with precision of what offense the defendant was convicted." *Killer* v. *Milledge*, 4 *Lab.* 142; *Hoeberg* v. *Newton*, 20 *Vr.* 617.

And so here section 1 must be read with section 11 of the ordinance, which latter section provides for a penalty of a violation of section 1 as amended. The section could be violated other than by driving an unlicensed bus, for the section of the ordinance, not only provides that the auto bus shall be licensed, but that the driver thereof shall be licensed. A licensed driver of an unlicensed bus would incur a penalty as well as an unlicensed driver of a licensed bus. Now, the situation here is that the recorder found the prosecutor guilty as charged in the complaint. There was no testimony which tended to sustain the charges in the complaint of unlicensed driving on the 6th and 7th days of February by the prosecutor. One thing is made certain by the record of conviction that, though there was no testimony tending to establish the prosecutor's guilt of any violation of the ordinance on February 6th and 7th, as charged in the complaint, he was, nevertheless, convicted thereof, and the logical assumption would be that, in imposing the penalty, the two unproven charges entered into the judgment pronounced upon the conviction.

The question has also been mooted as to the legal propriety of charging the prosecutor with three distinct offenses in one complaint. While this was a common practice in cases of civil actions to recover penalties, we have not been referred to any case within this jurisdiction holding that distinct offenses, though of like character, committed on different days, can be grouped in one complaint. This cannot be done in indictments, and where it has been done in cases of embezzlement in this state, it was the result of express statutory

authorization. We have already. pointed out that, because of the summary nature of the proceedings in cases like the present, a stricter and more rigorous rule is adopted than in indictment. But we need not decide this question, since we have reached the conclusion that the conviction is defective and should be set aside. See *Salter* v. *Bayonne*, 59 *N. J. L.* 129; *Leeks* v. *Kreps*, 70 *Id.* 121.

Judgment is reversed, with costs.