THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RAYMOND DAVID WEAN, THOMAS JOSEPH CLARK, RICHARD BARRETT, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued November 2, 1964—Decided January 21, 1965.

Before Judges GAULKIN, FOLEY and COLLESTER.

*Mr. Spencer N. Miller* argued the cause for appellants (*Messrs. Krivit & Krivit,* attorneys).

*Mr. Gregory J. Castano,* Assistant Prosecutor, argued the cause for respondent (*Mr. James T. Tumulty,* Hudson County Prosecutor, attorney; *Mr. Frank J. Ziobro,* Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

COLLESTER, J. A. D. Defendants Wean, Clark and Barrett appeal from convictions adjudging them disorderly persons, following a trial *de novo* in the Hudson County Court, based on complaints charging violation of *N. J. S.* 2A:170-3 (carrying weapons or burglar tools with intent to break and enter). Sentences of 90 days in the county penitentiary were imposed.

The trial in the County Court was heard and determined on a stipulation of facts which stated, *inter alia,*

"On November 23, 1962, while police were investigating an attempted burglary [they] attempted to stop a suspicious automobile in which there were three individuals. The car did not stop but speeded away, with police in pursuit. The car subsequently stopped and three men [the defendants] fled from said automobile, two running in a southerly direction therefrom and one in a northerly direction. They were apprehended by the police and arrested. A search of the automobile brought forth burglary tools in the trunk of said car.

\*     \*     \*     \*     \*     \*     \*     \*

In connection with this appeal, which is being heard on stipulated facts, the following are conceded:

(a) at the time of the arrest the defendants were searched and no burglary tools were found on their persons.

(b) the burglary tools were found in the trunk of the automobile.

(c) the three defendants were in possession of and in said automobile.

\*     \*     \*     \*     \*     \*     \*     \*

(e) the items found in said trunk of said automobile are conceded to be burglary tools.

(f) for the purposes of this hearing 'intent to break and enter' and 'intent to steal' are conceded by the defendants.

(g) there was a legal arrest."

The above facts are amplified by the undisputed findings of the County Court judge in an opinion denying a motion to suppress evidence. Such findings indicate that when the defendants were taken into custody, Wean, operator of the automobile, was charged with violation of the motor vehicle laws, and the three men were taken to the police station where they were ordered to remove the contents of their pockets. On Wean's person was the key to the automobile trunk. Police, using this key, opened the trunk and found the alleged burglar tools. Following this search and seizure the complaints were made charging defendants as disorderly persons under *N. J. S.* 2A:170-3.

The motion to suppress such evidence as the product of an illegal search and seizure was made to and denied by the County Court prior to trial and conviction of the defendants in the municipal court. The appeal to the County Court and the trial *de novo* followed.

Defendants assert several grounds of appeal. One is that their convictions were erroneous because burglar tools were not upon their persons.

## I.

The pertinent language of *N. J. S.* 2A:170-3 states,

"Any person who has upon him any picklock, key, crow, jack, bit or other implement, with intent to break and enter into any building * * * is a disorderly person."

Defendants argue that the statutory phrase *"Any person who has upon him"* means that such burglar tools must be *upon the person* of the defendant in order to justify a conviction, and since the tools were locked inside the car trunk, the convictions must be set aside. The County Court judge held that it was the intention of the Legislature to require proof only that persons had such implements in their possession, actual or constructive, and that since the tools were locked in

the trunk of the automobile in which defendants were riding, defendants' "possession" thereof violated the statute.

In addition to *N. J. S.* 2A:170-3, the Legislature enacted another statute pertaining to burglar tools. *N. J. S.* 2A:94-3 provides that "Any person who * * * *knowingly possesses*" burglar tools with intent to use the same unlawfully, is guilty of a high misdemeanor.

There is no dispute that the language "knowingly possesses" in *N. J. S.* 2A:94-3 has been interpreted by our courts to mean constructive as well as actual possession. *State v. Labato,* 7 *N. J.* 137 (1951); *State v. Brown,* 67 *N. J. Super.* 450 (*App. Div.* 1961); *State v. Bozeyowski,* 77 *N. J. Super.* 49 (*App. Div.* 1962). However, defendants assert that such interpretation does not apply to *N. J. S.* 2A:170-3 because it does not speak in terms of "possession" but rather "Any person who has *upon him.*"

The question is one of first impression, there being no decisional law interpreting *N. J. S.* 2A:170-3. We note with strong disapproval that the State's brief ignores this argument *in toto,* although it was asserted by defendants before the County Court and is elaborated on by counsel for defendants in their excellent brief.

■■ It is an ordinary rule of grammatical construction that words of relation *prima facie* refer to the nearest antecedent. Thus, in the language "Any person who has upon *him,*" it is apparent that the pronoun "him" refers back to the nearest antecedent, the noun "person." Therefore, the reasonable meaning of the words "upon him" is the equivalent of *"upon his person."* Cf. *State v. Congdon,* 76 *N. J. Super.* 493, 502 (*App. Div.* 1962); 2 *Sutherland, Statutory Construction* (3d ed. 1943) § 4921, *pp.* 448-9; 82 *C. J. S. Statutes* § 334, *p.* 670 *et seq.*

Defendants argue that the statutory language in *N. J. S.* 2A:170-3 means what it says—no more and no less—and that it does not mean "any person who knowingly possesses." This position is buttressed by the definition of "on the person" in *Black's Law Dictionary* (4th ed. 1951) as "either in contact

with his person or is carried in his clothing." The definition further goes on to state:

"Accordingly, where a statute punishes the carrying of a weapon 'on the person,' an occupant of an automobile does not violate the statute by carrying therein a weapon detached from his person, as, *e. g.*, where the weapon is under the cushion of the seat. *Blashfield, Cyc. of Auto Law and Practice, Sec.* 5528.88 *(perm. ed.)*"

In construing a statute the legislative intent controls, and enforcement of the statute by the court must be consistent with such intent and not with some unexpressed intent. The legislative intent is to be discerned from the language of the statute and courts cannot arbitrarily expand its scope beyond the plainly expressed legislative intent. *Dacunzo v. Edgye,* 19 *N. J.* 443, 451 (1955); *Hoffman v. Hock,* 8 *N. J.* 397, 409 (1952).

Both *N. J. S.* 2A:170–3 and 2A:94–3 relate to the same subject (burglar tools) and have the same objective (barring the possession of burglar tools by one with intent to steal). They are thus *in pari materia.* A settled rule of statutory construction is that statutes *in pari materia* are to be construed together to effectuate general legislative policy, *Lynch v. Borough of Edgewater,* 8 *N. J.* 279, 286 (1951), and to this end every word, sentence and clause shall, if possible, be given full force and effect. *Hoffman v. Hock, supra,* 8 *N. J.,* at *p.* 406.

In the present case the language of the statutory provisions is different, and to interpret the "upon him" language of the Disorderly Persons section as the equivalent of the "possession" language of the Crimes Act, would impute to the Legislature an intention to employ meaningless language and a needless repetition in the creation of a statutory offense relating to the possession of burglar tools. The Legislature will be presumed not to have used meaningless language. *State v. Rullis,* 79 *N. J. Super.* 221, 232 *(App. Div.* 1963); *Hackensack Bd. of Education v. Hackensack,* 63 *N. J. Super.* 560, 569 *(App. Div.* 1960). Nor will the courts impute to the

Legislature an intent to enact useless legislation. *Gualano v. Bd. of School Estimate*, 39 *N. J.* 300, 313 (1963); *Hammonton v. Varsaci*, 74 *N. J. Super.* 251, 256 (*App. Div.* 1962).

We must assume that the Legislature had a definite purpose in using the term "who has upon him" in the Disorderly Persons Act, and we must further assume that it had a rational purpose in using different language in the statute governing the indictable offense.

An analysis of the legislative history of the two statutes throws light on the legislative plan and purpose. The disorderly persons statute dates back to 1799 when it was first enacted into law under the subheading of "Vagrants." The statute recited that,

"Whereas, divers ill-disposed persons are frequently apprehended, having upon them implements for house breaking * * * and although their evil purposes are thereby manifested, the power of the justices of peace to demand of them sureties for their good behavior hath not been of sufficient effect to prevent them from carrying their evil purposes into execution;

Be it further enacted, that if any person shall be apprehended, *having upon him* or her any picklock * * * then he or she shall be deemed and adjudged to be a disorderly person." *L.* 1799 (*Rev. Stat.* 564, § 2) (Emphasis added)

For the past 166 years, during which the Legislature amended and revised the statute on seven occasions, the language referring to burglar tools "upon him" has never been changed. It is also to be noted that the companion statute providing for indictment upon possession of burglar tools has used the term "possession" since it was enacted in 1846.

The conclusion to be drawn is that the evil which the Legislature sought to eliminate in 1799 was the carrying upon the person of the unlawful implements. Included, as it was, under the subhead of "vagrants," it is indicative that the thrust of the provision was not directed to the more dangerous criminals who could be prosecuted for the indictable offense, but rather to the elimination of petty abuses arising from possession of such articles upon the person of the vagrant. If such was not the purpose, then there would be no

need for the existence of the statute, because persons having burglar tools either in their actual possession or constructive possession could be prosecuted for the indictable offense.

It is well settled that penal statutes are to be strictly construed against the State. The condemned act must be plainly and unmistakably within the statute. Any doubt as to the meaning of the statute is to be resolved in favor of the defendant. *State v. Vanderhave,* 47 *N. J. Super.* 483, 492 (*App. Div.* 1957). Nor can it be questioned that *N. J. S.* 2A:170–3 is a penal statute. *Cf. Loper v. Town of Bridgeton,* 3 *N. J. Misc.* 439, 128 *A.* 616 (*Sup. Ct.* 1925).

The plain, direct statutory language of *N. J. S.* 2A:170–3 belies any imputation of unexpressed legislative intent. *Dacunzo v. Edgye, supra,* 19 *N. J.,* at *p.* 451; *R. H. Macy & Co. v. Director, Div. of Taxation,* 77 *N. J. Super.* 155, 173 (*App. Div.* 1962); 3 *Sutherland, supra,* at *p.* 40. Moreover, the fact that *N. J. S.* 2A:170–3 has continued unamended, side by side with *N. J. S.* 2A:94–3, the Crimes Act provision, indicates that the Legislature elected to continue the dichotomy. In such circumstances the court must presume that the Legislature is familiar with its own enactments. *Lanning v. Hudson County Court of Common Pleas,* 127 *N. J. L.* 10, 16 (*Sup. Ct.* 1941), affirmed 127 *N. J. L.* 604 (*E. & A.* 1942).

We conclude that the County Court judge erred when he interpreted *N. J. S.* 2A:170–3 to embrace constructive possession of burglar tools. Since the tools were found not upon the persons of the defendants, but locked in the trunk of the automobile, the provisions of *N. J. S.* 2A:170–3 were not applicable. Defendants should have been indicted and prosecuted under the provisions of *N. J. S.* 2A:94–3. The convictions must be reversed.

## II.

Having determined that the convictions of defendants must be set aside and reversed, we find it unnecessary to pass upon the other grounds of appeal raised by defendants.

However, we note in passing, on the facts set forth in the record, that the search and seizure of the burglar tools without warrant, and not as an incident to a lawful arrest, was an unlawful search and seizure. *Preston v. United States,* 376 *U. S.* 364, 84 *S. Ct.* 881, 11 *L. Ed. 2d* 777 (1964); *State v. Scanlon,* 84 *N. J. Super.* 427 (*App. Div.* 1964).

Reversed.