## PRESTON *v.* UNITED STATES.

No. 163.   Argued February 25, 1964.—Decided March 23, 1964.

*Francis M. Shea,* by appointment of the Court, 374 U. S. 823, argued the cause and filed briefs for petitioner.

*Sidney M. Glazer* argued the cause for the United States.   With him on the brief were *Solicitor General Cox, Assistant Attorney General Miller* and *Beatrice Rosenberg.*

MR. JUSTICE BLACK delivered the opinion of the Court.

Petitioner and three others were convicted in the United States District Court for the Eastern District of Kentucky on a charge of conspiracy to rob a federally insured bank in violation of 18 U. S. C. § 2113, the conviction having been based largely on evidence obtained by the search of a motorcar.   The Court of Appeals for the Sixth Circuit affirmed, rejecting the contentions, timely made in the trial and appellate courts, that

both the original arrest, on a charge of vagrancy, and the subsequent search and seizure had violated the Fourth Amendment. 305 F. 2d 172. We granted certiorari. 373 U. S. 931. In the view we take of the case, we need not decide whether the arrest was valid, since we hold that the search and seizure was not.

The police of Newport, Kentucky, received a telephone complaint at 3 o'clock one morning that "three suspicious men acting suspiciously" had been seated in a motorcar parked in a business district since 10 o'clock the evening before. Four policemen straightaway went to the place where the car was parked and found petitioner and two companions. The officers asked the three men why they were parked there, but the men gave answers which the officers testified were unsatisfactory and evasive. All three men admitted that they were unemployed; all of them together had only 25 cents. One of the men said that he had bought the car the day before (which later turned out to be true), but he could not produce any title. They said that their reason for being there was to meet a truck driver who would pass through Newport that night, but they could not identify the company he worked for, could not say what his truck looked like, and did not know what time he would arrive. The officers arrested the three men for vagrancy, searched them for weapons, and took them to police headquarters. The car, which had not been searched at the time of the arrest, was driven by an officer to the station, from which it was towed to a garage. Soon after the men had been booked at the station, some of the police officers went to the garage to search the car and found two loaded revolvers in the glove compartment. They were unable to open the trunk and returned to the station, where a detective told one of the officers to go back and try to get into the trunk. The officer did so, was able to enter the trunk through the back seat of the car, and in

the trunk found caps, women's stockings (one with mouth and eye holes), rope, pillow slips, an illegally manufactured license plate equipped to be snapped over another plate, and other items. After the search, one of petitioner's companions confessed that he and two others—he did not name petitioner—intended to rob a bank in Berry, Kentucky, a town about 51 miles from Newport. At this, the police called the Federal Bureau of Investigation into the case and turned over to the Bureau the articles found in the car. It was the use of these articles, over timely objections, which raised the Fourth Amendment question we here consider.

The Amendment provides:

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The question whether evidence obtained by state officers and used against a defendant in a federal trial was obtained by unreasonable search and seizure is to be judged as if the search and seizure had been made by federal officers. *Elkins* v. *United States,* 364 U. S. 206 (1960). Our cases make it clear that searches of motorcars must meet the test of reasonableness under the Fourth Amendment before evidence obtained as a result of such searches is admissible. *E. g., Carroll* v. *United States,* 267 U. S. 132 (1925); *Brinegar* v. *United States,* 338 U. S. 160 (1949). Common sense dictates, of course, that questions involving searches of motorcars or other things readily moved cannot be treated as identical to questions arising out of searches of fixed structures like houses. For this reason, what may be an unreasonable search of

a house may be reasonable in the case of a motorcar. See *Carroll* v. *United States, supra,* 267 U. S., at 153. But even in the case of motorcars, the test still is, was the search unreasonable. Therefore we must inquire whether the facts of this case are such as to fall within any of the exceptions to the constitutional rule that a search warrant must be had before a search may be made.

It is argued that the search and seizure was justified as incidental to a lawful arrest. Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. *Weeks* v. *United States,* 232 U. S. 383, 392 (1914); *Agnello* v. *United States,* 269 U. S. 20, 30 (1925). This right to search and seize without a search warrant extends to things under the accused's immediate control, *Carroll* v. *United States, supra,* 267 U. S., at 158, and, to an extent depending on the circumstances of the case, to the place where he is arrested, *Agnello* v. *United States, supra,* 269 U. S., at 30; *Marron* v. *United States,* 275 U. S. 192, 199 (1927); *United States* v. *Rabinowitz,* 339 U. S. 56, 61–62 (1950). The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime—things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control. But these justifications are absent where a search is remote in time or place from the arrest. Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest. *Agnello* v. *United States, supra,* 269 U. S., at 31. Here, we may assume, as the Government urges, that, either because the arrests were valid or because the police had

probable cause to think the car stolen, the police had the right to search the car when they first came on the scene. But this does not decide the question of the reasonableness of a search at a later time and at another place. See *Stoner* v. *California, post,* p. 483. The search of the car was not undertaken until petitioner and his companions had been arrested and taken in custody to the police station and the car had been towed to the garage. At this point there was no danger that any of the men arrested could have used any weapons in the car or could have destroyed any evidence of a crime—assuming that there are articles which can be the "fruits" or "implements" of the crime of vagrancy. Cf. *United States* v. *Jeffers,* 342 U. S. 48, 51–52 (1951). Nor, since the men were under arrest at the police station and the car was in police custody at a garage, was there any danger that the car would be moved out of the locality or jurisdiction. See *Carroll* v. *United States, supra,* 267 U. S., at 153. We think that the search was too remote in time or place to have been made as incidental to the arrest and conclude, therefore, that the search of the car without a warrant failed to meet the test of reasonableness under the Fourth Amendment, rendering the evidence obtained as a result of the search inadmissible.

*Reversed and remanded.*