UNITED STATES of America, Plaintiff-Appellee,

v.

Barbara CAIN, A/K/A Barbara Byrd, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Kenneth Lee CRADY and Frank Odell Gaines, Defendants-Appellants.

Nos. 15375-76.

United States Court of Appeals Sixth Circuit.

June 20, 1964.

Britton P. Franklin, Frankfort, Ky., for Barbara Cain.

Frank E. Haddad, Jr., Louisville, Ky., for Kenneth Lee Crady and Frank Odell Gaines.

Argued by Ernest W. Rivers, Louisville, Ky., William E. Scent, U. S. Atty., Louisville Ky., on the brief, for appellee.

Before MILLER and CECIL, Circuit Judges, and KENT, District Judge.

KENT, District Judge.

The above named defendants-appellants, hereinafter referred to as defendants, together with one Edward Hanna, were indicted and tried for conspiracy to commit the offense of receiving, possessing, concealing and disposing of money or other things of value, knowing such things to have been taken from the Liberty National Bank and Trust Company in violation of Title 18 U.S.C. § 2113(c). A second count of the indictment charged Edward Hanna and Barbara Byrd with receiving, possessing and concealing $500, which they knew to have been stolen from the same bank in violation of the statute cited.

Gaines and Crady were convicted under the first count and sentenced to five years each. Byrd was convicted under both counts and was sentenced to five years on each count, the sentences to be served concurrently. Edward Hanna was found not guilty on both counts of the indictment.

Prior to trial appropriate motions were filed to suppress evidence. The motion to suppress evidence was renewed during the course of the trial on two occasions. It was denied each time that the motion was made. Appropriate motions for judgment of acquittal were made at the end of the Government's proofs, and at the conclusion of all of the proofs. The motions were denied. A motion for new trial was made on behalf of each of the defendants, inter alia, on the ground that certain evidence offered on the trial was inadmissible because obtained by illegal search, and on the ground that there was no substantial evidence to support a guilty verdict on the conspiracy count. The motion was denied.

The evidence showed that on September 10, 1962, the Liberty National Bank and Trust Company of Louisville, Kentucky, was robbed by a lone gunman. The serial numbers of some of the currency taken had been recorded by a teller. No defendant here charged is alleged to have robbed the bank, and no effort was made to establish that any defendant here charged participated in the robbery of the bank.

On September 11, 1962, the Tennessee Bureau of Criminal Investigation, here-

inafter referred to as T.B.I., received information from the Kentucky State Police that Crady and Gaines were wanted for parole violation in South Carolina, that the Kentucky State Police had warrants for the arrest of Crady and Gaines, that Crady and Gaines were supposed to be traveling to Nashville, Tennessee to meet Edward Hanna and his wife, and the defendant, Barbara Byrd, at about 11:30 P.M. on September 11, 1962, in front of the Hermitage Hotel in Nashville, Tennessee.

Agents of the T.B.I. went to the Hermitage Hotel and set up a stake-out. At about 11:40 P.M., Agent Moss observed a Ford with Kentucky license plates occupied by a male and two females, later identified as Mr. and Mrs. Hanna and Barbara Byrd, and he also saw a Cadillac with Kentucky license plates, occupied by a single man. The two vehicles were parked in front of the Hermitage Hotel, and the occupant of the Cadillac spoke to the occupants of the other car. Agent Moss then went to the Hotel and spoke with Agent Goodwin. Subsequently all five persons were placed under arrest and were taken to the offices of the T.B.I. where the automobiles were parked in a parking lot and locked. The officers retained the keys to the vehicles and proceeded with the questioning of the defendants and the Hannas until approximately 2:00 A.M., when the defendants and the Hannas were taken to the Davidson County Courthouse where Agent Moss swore to warrants for the arrest of the defendant Byrd and the Hannas "for aiding and abetting a fugitive." Thereafter, all five persons were taken to jail.

At this point the Tennessee officers returned to the T.B.I. building and made a search of the two cars. Nothing was found in the Cadillac, but while searching the Ford they found a suitcase or overnight bag containing $4480.00 in bills, of which $500 was later identified as part of the proceeds of the robbery of the Liberty National Bank and Trust Company, mentioned above. The money in question was in the suitcase of Barbara Byrd. No search warrants had been obtained for the search of the automobiles. The defendants are not claimed to have consented to the search. The defendants were not present when the search was made.

Since the denial of the motion to suppress the evidence in question, the Supreme Court of the United States has decided Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, decided March 23, 1964. As stated 376 U.S. at page 366, 84 S.Ct. at page 883:

> "The question whether evidence obtained by state officers and used against a defendant in a federal trial was obtained by unreasonable search and seizure is to be judged as if the search and seizure had been made by federal officers, Elkins v. United States, 364 U.S. 206 [80 S.Ct. 1437, 4 L.Ed.2d 1669], (1960). Our cases make it clear that searches of motor cars must meet the test of reasonableness under the Fourth Amendment before evidence obtained as a result of such searches is admissible. E. g., Carroll v. United States, 267 U.S. 132 [45 S.Ct. 280, 69 L.Ed. 543] (1925); Brinegar v. United States, 338 U.S. 160 [69 S.Ct. 1302, 93 L. Ed. 1879], (1949)."

In the Preston case, supra, the defendant and two companions had been arrested at approximately 3:00 A.M. in the morning by four policemen. The men were arrested for vagrancy, they were searched and taken to police headquarters. The automobile in which the defendant and his companions had been sitting was driven by an officer to the police station from which it was towed to a garage. After the defendant and his companions had been booked at the police station, officers went to the garage, searched the car and found incriminating evidence.

As was stated by the Supreme Court in Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 883:

> "It is argued that the search and seizure was justified as incidental to

a lawful arrest. Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. (citing cases) This right to search and seize without a search warrant extends to things under the accused's immediate control, Carroll v. United States, supra, 267 U.S., at 158 [45 S.Ct. at 287], and, to an extent depending on the circumstances of the case, to the place where he is arrested. (citing cases). The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime—things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control. But these justifications are absent where a search is made at another place, without a warrant, is simply not incident to the arrest. Agnello v. United States, supra, 269 U.S., at 31 [46 S.Ct. at 5, 70 L.Ed. 145]."

▮▮ The circumstances in the Preston case are so close to the circumstances in the instant cases that the Preston case is necessarily controlling in these cases. It appears clear, since the Preston case has been decided, that the motion to suppress the evidence should have been granted. Without such evidence it is doubtful that the Government could have sustained the guilt of the defendants beyond a reasonable doubt.

For the reasons herein stated the judgment of conviction must be reversed. The disposition of the money obtained as a result of the illegal search must await the determination by the District Court in appropriate proceedings. These cases are remanded to the trial court for further proceedings not inconsistent with this opinion.