**Eugene H. ADAMS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18486.**

United States Court of Appeals
District of Columbia Circuit.

Argued July 17, 1964.

Decided Aug. 20, 1964.

Mr. Robert Martin, with whom Miss Elise B. Heinz (both appointed by this court), Washington, D. C., was on the brief, for appellant.

Mr. Daniel J. McTague, Asst. U. S. Atty., with whom Messrs. David C.

Acheson, U. S. Atty., and Frank Q. Nebeker and Barry Sidman, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and WRIGHT and McGOWAN, Circuit Judges.

PER CURIAM.

■ ■ The evidence which we must accept in passing on the issue of probable cause for arrest presented here shows that in the early morning hours two men ran when a police scout car came on the scene, that immediate subsequent search of the area disclosed the robbery of a liquor store, and that within one half hour after their initial encounter, the police recognized one of the men, appellant here, getting into a car in a parking lot behind the looted store and arrested him. While agreeing with appellant that flight produces probative evidence of a low order,[1] we think that this evidence in its totality is sufficient to establish probable cause for arrest.

■ The issue as to the admissibility of the evidence found in the trunk of the car is more difficult. The Government seeks to justify the search of the trunk as an incident to appellant's arrest. Appellant argues that the search without warrant was illegal since the trunk was locked, the car keys were turned over to the police, and hence there was no danger that, after being arrested, he "could have used any weapons in the car or could have destroyed any evidence of a crime * * *." Preston v. United States, 376 U.S. 364, 368, 84 S.Ct. 881, 883, 11 L.Ed. 2d 777 (1964). Thus there was no emergency justifying a search without a warrant.

*Preston* did hold that a warrantless car search subsequent to an arrest was illegal, but there the search was not an incident to the arrest. It occurred at the police station to which both the parties arrested and the car had been brought. Thus the search "was too remote in time or place to have been made as incidental

---

1. Wong Sun v. United States, 371 U.S. 471, 483 n. 10, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Cooper v. United States, 94 U.S.App.D.C. 343, 345, 218 F.2d 39, 41 (1954).

to the arrest * * *." Preston v. United States, *supra*, 376 U.S. at 368, 84 S.Ct. at 884. See also Smith v. United States, 118 U.S.App.D.C. ——, 335 F.2d 270 (1964).

We recognize, of course, the logic in appellant's argument. After his arrest there was no danger from unseen weapons or of evidence disappearing from the locked trunk of the car. The *status quo* with respect to the trunk could have been maintained until a search warrant was issued, particularly since the car itself was impounded by the police. *Cf.* Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). But as far as we are aware, no court has yet held that a car, including its trunk, may not be searched without warrant at the time and place its occupants are placed under lawful arrest. We are not persuaded that we should be the first court to do so.

Affirmed.