UNITED STATES of America ex rel.
Otis FOOSE

v.

Alfred T. RUNDLE, Sup't. State Cor-
rectional Institution, Graterford,
Pennsylvania.

Misc. No. 3519.

United States District Court
E. D. Pennsylvania.

June 28, 1967.

Melvin Dildine, Defender Assn. of Philadelphia, Philadelphia, Pa., for plaintiff.

Richard S. Lowe, Dist. Atty., Anthony J. Scirica, Asst. Dist. Atty., Norristown, Pa., for defendant.

## MEMORANDUM

JOHN W. LORD, Jr., District Judge.

Relator has applied for a writ of habeas corpus. He alleges that a gun introduced into evidence at his trial was the object of an unconstitutional search and seizure. An order to show cause was issued followed by an evidentiary hearing. Counsel was appointed to represent relator at the hearing. We conclude that the writ should be denied.

█ Although relator never took an appeal from his conviction, he presented this question of improper search to the state courts in habeas corpus proceedings. His petition was dismissed, and the dismissal affirmed on appeal. Available state remedies have been exhausted. 28 U.S.C.A. § 2254.

█ Before reaching the claim on the merits, we must preliminarily consider the Commonwealth's contention that relator has waived the right to raise this constitutional issue by failing to object at the trial. Waiver is a federal question upon which a federal court must make an independent decision. United States ex rel. Gockley v. Myers, 378 F.2d 398, May 15, 1967 (3rd Cir.). Waiver of a constitutional right must be an "intentional relinquishment or abandonment of a known right or privilege". Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). The most authoritative discussion of the question, contained in Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963) stated that before the federal court can preclude a party from raising a federal question in a habeas corpus petition, it must be shown that the

> "habeas corpus applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate bypassing of state procedures * * *."

The failure to raise an objection to this evidence must be examined with this test in mind. At the evidentiary hearing on this petition, the attorney who represented relator at his trial was questioned concerning his failure to object. Counsel admitted, quite candidly, that he was not aware of the possibility of excluding the evidence on Fourth Amendment grounds, and had not discussed the question with relator at any time before or after trial. Relator testified at the evidentiary hearing on this petition that he did not become aware of the constitutional question until about two months after his conviction while in prison. His right to appeal had already expired, and he proceeded with his state habeas corpus petition. We conclude that there has been no waiver in this case. Relator raised the question as soon as he became aware of it. His attorney had not discussed it with him, and was not even aware of the basis for an objection at the time of trial. Fay v. Noia, supra, requires that we reach this petition on the merits.

Shortly before relator's arrest, the police were notified of a robbery. A description of the robbers, and the car in which they were driving was given to the police, who within minutes saw a car fitting the description in the vicinity of the robbery. The police pursued the car and finally stopped it by crashing into it at an intersection. The car was driven by relator, and he was ordered out of it and immediately searched. A brief search of the car was also made at the scene of the crash. The police

then took relator into custody and brought him to the police station, about two blocks from the point of arrest. The car was also driven back to the station, and approximately ten minutes after the arrest, the police again searched the vehicle and found a gun, which was introduced into evidence (N.T. 4/22/65, Vol. 1, p. 61). Other incriminating evidence was found on relator's person. Relator now contends that the search was not incident to his arrest, and since no search warrant was obtained, the evidence obtained cannot be admitted at his trial, consistent with the Fourth Amendment. The argument is two-pronged. First, the search took place at a different time and place from that of the arrest. Secondly, the reasons justifying a search incident to an arrest were not present at the time of this search.

■ Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964) is the case upon which relator bases his contentions. In *Preston* the search of an automobile without a warrant was held not incidental to Preston's arrest for vagrancy, since the arrest had occurred when he was in the automobile, and the search of the automobile was not made until it had been driven to the police station and then towed to a garage. While the court did not give the exact time lag, it concluded that the arrest was "too remote" in time and place and was therefore not incidental to the arrest. But see Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 789, 17 L.Ed.2d 730, 732 (1967). The search in the present case was not at all remote in time and place. The arrest occurred at an intersection on a highway. The police briefly searched relator and the car, and then took both relator and the car to the police station, two blocks away, and concluded the search which they had begun at the place of arrest. The time elapsing between the initial moment of arrest and the seizure of the gun was approximately ten minutes. Under the facts of this case, we conclude that the search

was continuous from the time of arrest until discovery of the weapon. Therefore it was incident to the arrest and constitutionally justified. Cases in which a search has been found to be not incidental to 'an arrest show a much greater lapse of time, or difference of location than that presented here. See United States v. Nikrasch, 367 F.2d 740 (7th Cir. 1966); United States v. Cain, 332 F.2d 999 (6th Cir. 1964); Shurman v. United States, 219 F.2d 282 (5th Cir. 1955). In these cases the arrest was obviously concluded; in the present case, the arrest was continuing. Although there must be a limit to the amount of time a search may continue, contemporaneously with an arrest, beyond which the search will no longer be incident thereto, this limit has not been reached in this case. See United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950). Here, the police had the right to move the automobile out of the mainstream of traffic before conducting this search as part and parcel of this arrest. It seems that such a situation is presented here where they removed the car to a nearby police station to continue a contemporaneous search which was begun under somewhat awkward circumstances. We cannot conceive that such a course of action is unreasonable. Rabinowitz v. United States, supra.

■ Relator has suggested that the only reason for permitting a search incident to an arrest is to protect the arresting officers, or to guard against destruction of evidence or escape of the felon. He suggests that since he was in custody in the police station and the automobile was under police control, no such dangers existed, and therefore the police were required to obtain a search warrant before searching the automobile. The reasoning is persuasive but it is not supported by the cases. United States v. Francolino, 367 F.2d 1013 (2nd Cir. 1966); Adams v. United States, 118 U.S. App.D.C. 364, 336 F.2d 752 (1964); Crawford v. Bannan, 336 F.2d 505 (6th Cir. 1964). The language in *Preston* re-

ferring to the above reasons for permitting a search incident to an arrest were given in that case, merely as examples, and were not meant to be all inclusive. Crawford v. Bannan, supra. The proper inquiry, and that which 'we adopt, requires us to determine whether this search was incident to the arrest, i. e., not too remote in time or place, not whether certain reasons justifying such a search are, or are not, present. Concluding that the search was not too remote in time or place and therefore, was contemporaneous with and incident to the arrest, we uphold the validity of that search under the Fourth Amendment. Consequently the writ must be denied.