480 P.2d 658

STATE of Arizona, Appellee

v.

Stanley Edward KELLEY, Appellant.

No. 1935.

Supreme Court of Arizona,
In Banc.

Feb. 11, 1971.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ronald W. Sommer, Tucson, for appellant.

HAYS, Vice Chief Justice.

On May 15, 1969 we affirmed a conviction of the defendant of the crime of unlawful possession of marijuana. The principal question involved in that appeal was whether the marijuana was illegally seized. See State v. Kelley, 104 Ariz. 418, 454 P. 2d 563.

On June 29, 1970 the United States Supreme Court, 399 U.S. 525, 90 S.Ct. 2252, 26 L.Ed.2d 783, granted certiorari, vacated the judgment of conviction, and remanded the case to us "for further consideration in the light of Chambers v. Maroney, 399 U. S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419," decided June 22, 1970. We have re-examined the entire record in accordance with the direction of the United States Supreme Court.

■ The facts in the case are substantially as set forth in the original opinion, supra. One relevant fact not stated in the original opinion is that when the deputy sheriff ran his identification check on defendant's car, he found that the registration was in the name of someone other than Terry Davis, the friend from whom defendant said he had borrowed the car. At this point the deputy had probable cause to believe that the car which the defendant was driving was stolen. This missing fact is vital to the determination of the issue here, and we find nothing in the Chambers opinion which requires us to reverse this case.

■ The basis issue is whether an officer who has probable cause to believe a car is stolen may search the vehicle after he has taken the defendant into custody by locking him in the back seat of the police car. In the Chambers case the occupants of the car were arrested and the car was driven to the police station. Thereafter, at the police station, the car was searched. The majority opinion in Chambers readily points out the fact that this was not a search incident to arrest. We can hardly believe that the U. S. Supreme Court would place the facts of our case in the same category. No police officer could be reasonably expected to divert his attention to a search while the defendant was free and close at hand. The mere fact that the defendant was first locked in the back of the patrol car does not make this search any less a search incident to arrest.

Very frankly, with the evidence that there was probable cause to arrest the defendant, we cannot see how the holding of Chambers has application to this case. We are persuaded that the U. S. Supreme Court was not aware of the crucial facts of this case which made the search one incident to an arrest. We need only to quote from Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964) to support our position:

"It is argued that the search and seizure was justified as incidental to a lawful arrest. Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime. Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct. 341, 344, 58 L.Ed. 652 (1914); Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 5, 70 L.Ed. 145 (1925). This right to search and seize without a search warrant extends to things under the accused's immediate control, Carroll v. United States, supra, 267 U.S. 132 at 158, 45 S.Ct. 280 at 287, 69 L.Ed. 543, and, to an extent depending on the circumstances of the case, to the place where he is arrested, Agnello v. United States, supra, 269 U.S. at 30, 46 S.Ct. at 5, 70 L.Ed. 145; Marron v. United States, 275 U.S. 192, 199, 48 S.Ct. 74, 77, 72 L.Ed. 231 (1927); United States v.

Rabinowitz, 339 U.S. 56, 61–62, 70 S.Ct. 430, 433, 94 L.Ed. 653 (1950)." 376 U.S. at p. 367, 84 S.Ct. at p. 883.

In a per curiam opinion the U. S. Court of Appeals, District of Columbia Circuit, in Adams v. United States, 118 U.S.App. D.C. 364, 336 F.2d 752 (1964) said:

"We recognize, of course, the logic in appellant's argument. After his arrest there was no danger from unseen weapons or of evidence disappearing from the locked trunk of the car. The *status quo* with respect to the trunk could have been maintained until a search warrant was issued, particularly since the car itself was impounded by the police. Cf. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). But as far as we are aware, no court has yet held that a car, including its trunk, may not be searched without warrant at the time and place its occupants are placed under lawful arrest. We are not persuaded that we should be the first court to do so." 336 F.2d at page 753.

*See also* United States v. Doyle, 373 F.2d 875 (2 Cir., 1967).

The officer in his testimony at the suppression hearing indicated that he suspected that the paper sack which the defendant furtively kicked under the car seat might contain a weapon. This does nothing more than add to the need for the search and enhance the validity of the search. To hold otherwise would tend to needlessly hamstring the efforts of law enforcement.

It is well to note that the record reflects defendant had been given the Miranda warnings and the determination of the car registration status had been made prior to the time the search of the car was undertaken. There was probable cause for an arrest, the defendant was taken into custody, Miranda warnings were given and the car was searched. We can conceive of no more classic fact situation to support the search of a car incident to arrest than the facts in this case.

The judgment of conviction is affirmed.

STRUCKMEYER, C. J., and UDALL, J., concur.

LOCKWOOD, Justice (specially concurring).

I concur in the result.

CAMERON, Justice (specially concurring).

I concur with the results reached by the majority but for a different reason. It is generally agreed that a warrantless search can be made, (1) where the defendant has voluntarily consented to a search, (2) as an incident to an arrest, and (3) of a movable vehicle where there is probable cause upon which to base a search warrant and (prior to the opinion of Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed. 2d 419 [1970]) not enough time to obtain one.

In the instant case there was no permission granted for the search. The restrictions placed upon a search as an incident to an arrest set forth in the Supreme Court case of Chimel v. California, 395 U. S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), by a footnote, were made specifically inapplicable to automobiles and I agree with the majority opinion that given an actual and valid arrest the search of the automobile in the instant case then was proper. I do not believe, however, that the validity of the search in the instant case is dependent upon an arrest.

As I read Chambers v. Maroney, supra, it simply states that as far as automobiles upon the public highway are concerned they do not receive the protection and constitutional safeguards that the home does, and if the police officer has probable cause to believe that the contents of an automobile will support a later conviction for the possession of what he believes to be in the automobile he need not obtain a warrant before making the search. The

statement in Chambers v. Maroney, supra, is as follows:

"On the facts before us, the blue station wagon could have been searched on the spot when it was stopped since there was probable cause to search and it was a fleeting target for a search. The probable cause factor still obtained at the station house and so did the mobility of the car unless the Fourth Amendment permits a warrantless seizure of the car and the denial of its use to anyone until a warrant is secured. In that event there is little to choose in terms of practical consequences between an immediate search without a warrant and the car's immobilization until a warrant is obtained. The same consequences may not follow where there is unforeseeable cause to search a house. Compare Vale v. Louisiana [399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409]. But as Carroll, [267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543] supra, held for the purposes of the Fourth Amendment there is a constitutional difference between houses and cars." Chambers v. Maroney, supra, 399 U.S. 42 at 52, 90 S.Ct. 1975 at 1981–1982.

The Carroll case is a 1924 United States Supreme Court case in which the court made it perfectly clear that the right to search an automobile is not dependent upon the legality of the arrest. Carroll stated as follows:

"The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law." Carroll v. United States, 267 U.S. 132, 158, 45 S.Ct. 280, 287, 69 L.Ed.2d 543 (1924).

By Chambers v. Maroney, supra, the requirement that the police had to take the vehicle to the station house and then obtain a warrant if possible is no longer necessary and Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964) on this point appears to have been overruled.

Looking at the totality of the circumstances, the fact that the defendant was driving erratically, the fact that the defendant attempted to hide the paper bag by kicking it under the seat, the fact that he was not the registered owner of the vehicle, leads me to believe that there was probable cause for the officer to form a reasonable opinion that the defendant was guilty of some crime including automobile theft, and that there was in the automobile either a weapon or contraband merchandise, or the fruits of a crime. The California Court of Appeals recently stated:

"In view of the combination of suspicious circumstances present in the case at bench, it is unnecessary for us to decide whether any one of them standing alone, would have sufficed to provide probable cause for the search. * * * The fact that at the time they first signaled appellant to stop, the officers had insufficient reason to believe that the car was stolen or that its occupants were involved in narcotic activity is of no consequence. Neither is the subjective state of mind of either officer a controlling consideration. The determinative test of existence or non-existence of probable cause is an objective one. It is simply this: Were the actions of the appellant in this case, viewed in the context of the attendant circumstances, such that they 'would lead a man of ordinary care and prudence to believe or to entertain a strong suspicion' that appellant was engaged in criminal activity." People v. Goodrick, 11 Cal.App.3d 216, 89 Cal.Rptr. 866, 868, 873 (1970).

For these reasons I believe that the search was reasonable under the circumstances and not violative of the Arizona and United States Constitutions.

I am mindful that the Supreme Court has returned this case to us after vacating our previous judgment ordering us to consider further the matter "in light of Chambers v. Maroney." While I admit that I

am somewhat confused in ascertaining completely the intentions of the Supreme Court, I do not believe it is any more rational to assume that by vacating the judgment and remanding the case to us that the Supreme Court intended that we would reverse the conviction in the light of Chambers v. Maroney, supra, any more than it is correct to assume that the Supreme Court intended that we affirm the conviction in the light of Chambers v. Maroney, supra. A reading of Chambers v. Maroney, supra, and the facts in this case as affected by said decision leads me to believe that our prior decision was correct and that there was probable cause to search the automobile.

I concur in the affirmance of the judgment.