489 P.2d 1201

**STATE of Arizona, Appellee,**

v.

**Joe WASHINGTON, Jr., Appellant.**

**No. 2169.**

Supreme Court of Arizona,
In Banc.

Oct. 29, 1971.

Gary K. Nelson, Atty. Gen., William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County, James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

Joe Washington, Jr. was charged with two counts of robbery and two counts of assault with a deadly weapon. He waived right to a jury trial, and the case was tried to the court. On April 20, 1970 he was found guilty of each of the four counts and punishment was imposed according to A.R.S. § 13–1641. From this judgment he appeals.

On January 6, 1970, at approximately 9:20 P.M., Mrs. Glenda Price, assistant manager of the Circle K store at 20th Street and Polk Street, Phoenix, was making a checkout of a daily report when a man, later identified as Joe Washington, Jr., entered the store. There were two other people in the store at this time, William Yates, cashier of the store, and Ben Stanley who came into the store to make a purchase. The man held a gun at Stanley's ribs, threatened him and then threatened Price, ordering her to put all the money in a bag. She complied with his request and gave him the bag containing approximately $950 which he took and escaped in a car waiting outside.

Price stated that she immediately called the police. The record indicates that police officers Peters and Gomez then received a radio call that an armed robbery had just occurred and that a "light colored 1956 Chevrolet" was reported leaving the scene of the crime. A description of the suspect was also included in the call.

The officers promptly headed towards the Circle K. As they approached the intersection of 24th Street and Buckeye Road, they observed a vehicle they believed to be the suspect vehicle. The vehicle was pulled over and stopped. The officers approached the suspect vehicle and as they did so they observed one of the rear-seat occupants of the car bend down "as appearing to stuff something under the front seat." Officer Gomez then asked the defendant to step out of the car and when the rear door of the car was opened he observed a five dollar bill and a ten dollar bill on the floorboard.

Joe Washington, Jr., was at that time taken into custody and placed in a police vehicle. Another occupant of the car, Melvin Railback, was also placed into custody at this time. Officer Gomez then proceeded to inspect the vehicle. The in-

vestigation of the car produced a brown paper bag under the left front seat where Joe Washington had been observed stuffing something. A green cap and a .22 caliber revolver were also found under the right front seat. These articles were later admitted into evidence at the trial. Washington was immediately taken to the station where a lineup was held and all three witnesses, Price, Yates and Stanley, identified Washington as the perpetrator of the crime. He was again identified at trial by the same witnesses.

■ The defendant here challenges his conviction on two grounds. He first asserts that the trial court improperly failed to suppress the evidence seized in the warrantless search of the car on January 6, 1970, and thereby convicted defendant on the basis of illegally seized evidence. More specifically, defendant argues that the facts within the officers' knowledge at the time of the arrest were insufficient to constitute probable cause for the arrest, hence any search subsequent to the arrest was illegal. In support of this he points to the fact that the decision to stop the suspect vehicle was made before the officers knew who was in the car.

Although the officers may not have had probable cause to arrest defendant at the time they stopped the car, they were justified in making an investigation. The evidence shows that they had received the radio call about the robbery, describing the getaway car. The robbery suspect was described as a "Negro male 20 to 22 years old, 5′ 8″ to 5′ 10″ tall, weighing 180 to 190 pounds, wearing a green stocking cap." The call also reported that the suspect had escaped with approximately $1,300 which was carried in a brown paper sack and that he was last seen driving eastbound on Polk.

Within a few minutes after the robbery the officers saw a light colored 1956 Chevrolet traveling at a high rate of speed in the area of Polk. At this point, although the officers might not have had probable cause to arrest the occupants of the car,

they had sufficient information with propriety to stop the car and investigate. State v. Gunter, 100 Ariz. 356, 414 P.2d 734 (1966). During investigation additional evidence may be accumulated sufficient to create probable cause, as was the case here. Both officers testified that when they approached the suspect car they observed a man later identified as Joe Washington "shoving something under the front seat." When Washington was asked to get out of the car the officers noticed a ten dollar bill and a five dollar bill on the floor between his knees and a green cap under the seat. He was arrested at this time. Under these circumstances there was probable cause for the arrest. State v. Kelley, 107 Ariz. 8, 480 P.2d 658 (1971).

Defendant claims that since there was no valid arrest, the warrantless search was illegal. Having held that the arrest was proper, we are of the opinion that the search of the car was incident to a legal arrest. State v. Kelley, supra.

■ The second argument advanced by the defendant is that the trial court improperly failed to suppress the in-court identification made by witnesses Price, Stanley, and Yates in violation of the defendant's right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution. We do not agree.

The defendant in this case was taken immediately after arrest to the station where he participated in a lineup. The facts indicate that he was not represented by counsel at this lineup. The trial court ruled that the lineup was improper for a reason which is not clear from the record. A ruling was also made, however, that the in-court identifications were not tainted by the prior identification.

In State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969) we held that United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) requiring the presence of counsel at lineup were not applica-

ble to a pre-indictment lineup situation. Instead it was 'held that these lineups would be ruled by the decision of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), which requires that an inquiry be made into the "totality of the circumstances" to determine whether the lineup contains unduly suggestive circumstances such as to deny the defendant due process of law. If the lineup is found to have been unduly suggestive then a determination must be made to discover whether the in-court identification was tainted by the prior identification.

Here the trial court may have erred in holding that the lineup was improper. However, defendant's own counsel cross-examined the witnesses as to whether their identification was in any measure based on the lineup. They testified positively that it was not, and the court as trier of fact, obviously found that the identification was not tainted. Therefore his original ruling that the lineup was improper was not prejudicial error.

*For the foregoing reasons the judgment of the trial court is affirmed.*

STRUCKMEYER, C. J., HAYS, V. C. J.; and UDALL and CAMERON, JJ., concur.