**UNITED STATES of America**

v.

**Willie G. LEONARD a/k/a Felton Leonard.**

**Crim. No. 2176-70.**

United States District Court, District of Columbia.

Dec. 1, 1971.

Henry J. Monahan, Rockville, Md., for defendant.

Daniel E. Toomey, Asst. U. S. Atty., for plaintiff.

## MEMORANDUM OPINION

RICHEY, District Judge.

This case came before the Court on November 4, 1971, on the defendant's Motion to Suppress Evidence. Upon the consideration of all the evidence and testimony adduced at the hearing, the supplemental memoranda from both counsel, and the arguments of counsel for the Government and the defendant, the Court concludes that the Motion to Suppress Evidence be and hereby is denied for the reasons and findings hereinafter set forth.

The Government called as its witness Officer Frederick R. Jackson, who testified that he was patrolling in a marked police cruiser with his partner, Officer Michael Gallagher, in the early morning hours of September 8, 1970, in the vicinity of 13th and T Street, N.W. Officer Jackson testified that at approximately 3:05 a. m., the officers stopped defendant Leonard's automobile in the 1900 block of 13th Street, N.W. after they noticed that the defendant's car had a defective taillight. Officer Jackson stated that they had seen the defendant's car parked in several places in the area of 14th and T Streets, N.W. After the police cruiser had pulled up behind the defendant's car, Officer Jackson stated that he noticed the defendant getting out of the front seat and coming back toward the officers, and simultaneously the defendant was seen putting his hand up to his mouth as if he were swallowing something. The officer testified that as the defendant exited his car he left the door open; however, Officer Jackson could not recall whether or not the dome light was on in the defendant's car. Officer Jackson indicated that neither he nor Officer Gallagher knew the defendant or had seen him previously. Officer Jackson testified that he went past the defendant to the opened door of the car, and that as he pointed his flashlight on the driver's seat of the car he saw a red gelatin capsule containing a white powder. During cross examination defense counsel brought out the fact that Officer Jackson had stated at the preliminary hearing that it was Officer Gallagher who retrieved the capsule from the front seat, although at this hearing Officer Jackson testified that he was the one who obtained the capsule.

After the capsule was recovered and briefly examined, Officer Jackson stated that he placed the defendant under arrest, at which time Officer Gallagher asked the defendant for the keys to the trunk, to which request the defendant consented. Officer Jackson stated that the defendant then said: "To ahead and look, there ain't nuthin' there." Thereafter the officers unlocked and searched the trunk and found more drugs, which are part of the subject matter of the present indictment along with the capsule recovered from the front seat of defendant's car.

Thereafter, the defendant testified that he had not been in the area of 13th and T Streets, N.W., and that he was driving directly from northeast Washington after dropping off his girlfriend. He stated that he was stopped by the police, and he admitted that one of his taillights was defective. He testified that Officer Gallagher had opened the passenger door first and that he searched

the glove compartment before finding the capsule on the seat. He denied that he gave his keys to the police, and he stated that they were forcibly taken from the car's ignition. Furthermore, he denied making any statement consenting to the search of his trunk. Finally, the defendant admitted that he knew that there was marijuana in the trunk, but he denied knowing that there was heroin there. He stated that several different people had used his car, and that he rarely used it himself.

■ After carefully examining the facts in this case, the Court finds that the police had sufficient reason to stop the defendant's vehicle, especially in light of the fact that the defendant admitted on the stand that the rear light of his car was defective. *See* United States v. Johnson, 442 F.2d 1239, 1244 (D.C.Cir. 1971); Washington v. United States, 130 U.S.App.D.C. 374, 401 F.2d 915, 920 (1968). The arrest did not take place with respect to the narcotics until the capsule was discovered by one of the police officers on the front seat. The Court finds, however, that the original purpose of the stop was for the purpose of the "mere issuance of noncustodial citations." United States v. Johnson, 442 F.2d 1239, 1243 (D.C.Cir. 1971).

Although there was contradictory testimony with respect to the discovery of the red capsule on the front seat, the Court finds that the officers were in a public space and were in a position to observe what any passerby could observe. Our Court of Appeals has on many occasions held that such viewings do not constitute searches violative of the Fourth Amendment. *See* United States v. Wright, D.C.Cir., 449 F.2d 1355, rehearing en banc denied, October 8,

1971; United States v. Johnson, *supra*; James v. United States, 135 U.S.App.D.C. 314, 418 F.2d 1150 (1969). The fact that the police used a flashlight as a visual aid does not take away from the fact that the capsule was in plain view. *See* United States v. Wright, *supra*, 449 F.2d at 1357–1359; Dorsey v. United States, 125 U.S.App.D.C. 355, 372 F.2d 928, 931 (1967).

■ The Court further finds that the police officers had probable cause to arrest the defendant after they had observed the red capsule containing the white powder on the front seat of the defendant's car. The probable cause was further supported by the fact that the defendant was seen placing his hand to his mouth in such a manner that he appeared to be swallowing something as he exited his car. Finally, it was noted that the area where the defendant was stopped is known to be a vicinity where there is much narcotics traffic. *See* United States v. Hines and Ware, No. 23,281, decided November 1, 1971, slip op. at 13; Dorsey v. United States, *supra*.

The Court also finds that the subsequent search of the trunk in defendant's car was reasonable, since it was conducted on the scene and contemporaneously with his arrest. *See* Chambers v. Maroney, 399 U.S. 42, 51, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1940); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Adams v. United States, 118 U.S.App.D.C. 364, 336 F.2d 752 (1964).

Based on the foregoing findings of fact and conclusions of law, the Court denies the defendant's Motion to Suppress Evidence.