■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ALFRED MOS-CHITTA, Respondent.— Appeal by the People from an order of the County Court, Nassau County, entered June 24, 1965 after a hearing, which granted defendant's motion insofar as it was for suppression of the use of certain evidence on the ground that it was obtained as the result of an unlawful search and seizure (Code Crim. Pro., § 813-c). Order reversed, on the law and the facts, and motion to suppress denied. Defendant was arrested when it was ascertained that the registration plates on the automobile he was driving had been stolen. The interior of the car was searched at the scene of the arrest and defendant, driving his own car, was convoyed by two patrol cars to the police station. While defendant was being questioned in the station house, the arresting officer returned to defendant's car, which was parked outside, broke open the trunk and discovered a pistol. Defendant was subsequently indicted for possession of the pistol. The order under review suppressed all evidence taken from the trunk. In our opinion, the search of the trunk was proper as incidental to and contemporaneous with a lawful arrest. The search was instituted at the time and place of the arrest. The subsequent search at the police station, made in an effort to ascertain the identity of the owner of an apparently stolen car, may be characterized as a continuation of the original search (*People* v. *Montgomery,* 21 A D 2d 904, affd. 15 N Y 2d 732). The instant case may be distinguished from *Preston* v. *United States* (376 U. S. 364), relied upon below, on the ground that defendant was permitted to drive his car to the police station after his arrest and thus retained control over it until it reached the place where the search was continued. Moreover, an additional justification for a continuation of the search arose out of the fact that during the trip to the police station defendant was observed making suspicious movements which indicated that he might be secreting a weapon or an item of evidence within the car. The mere fact that the police had time to obtain a search warrant after defendant was in custody is not controlling. Police officers are not bound to procure a search warrant merely because they have time to obtain one. The legality of a search without a warrant turns upon the reasonableness of the search under all the circumstances and not upon the practicability of procuring a warrant (*United States* v. *Rabinowitz,* 339 U. S. 56, 64–66). In our opinion, defendant's constitutional rights under the Fourth Amendment to the Constitution of the United States were not violated by the search conducted after he was in custody, in view of the fact that the identical search properly could have been conducted at the time and place of the arrest. As was said in the dissent in *Trupiano* v. *United States* (334 U. S. 699, 714, subsequently overruled by *United States* v. *Rabinowitz, supra*) : "To insist upon the use of a search warrant in situations where the issuance of such a warrant can contribute nothing to the preservation of the rights which the Fourth Amendment was intended to protect, serves only to open an avenue of escape for those guilty of crime and to menace the effective operation of government which is an essential precondition to the existence of all civil liberties." Beldock, P. J., Ughetta and Hill, JJ., concur; Christ and Rabin, JJ., concur in the result only, deeming themselves bound by the determinations of this court in *People* v. *McCauley* (25 A D 2d 568) ; and *People* v. *Morgan* (21 A D 2d 815).