STATE OF NORTH CAROLINA v. ROBERT LEE FURR, ALIAS BOBBY FURR
No. 6818SC446

(Filed 18 December 1968)

**1. Criminal Law § 161— objection on certain ground — review on appeal**

When an objection is made upon certain grounds stated, only those stated can be made the subject of review, except where the evidence is excluded by statute.

**2. Criminal Law § 161— assignment of error — necessity for exceptions**

The assignments of error must be based on exceptions duly noted, and may not present a question not embraced in an exception.

**3. Criminal Law § 162— assignments of error — question not embraced in exception**

Where no objection was made to the question asked a witness, but objection and exception were made to only one word in the witness' answer, an assignment of error to the admission of the witness' testimony presents a question not embraced in the exception and will not be considered on appeal.

**4. Arrest and Bail § 3— arrest without a warrant**

Defendant's arrest in Maryland by an F. B. I. agent without a warrant was lawful where the agent had reasonable grounds to believe that the defendant had committed the felony of unlawful flight to avoid confinement for housebreaking in North Carolina. 18 U.S.C. § 3052.

**5. Searches and Seizures § 1; Criminal Law § 84— search without warrant incident to lawful arrest**

Where F.B.I. agents lawfully arrested defendant without a warrant and immediately thereafter searched an adjacent bedroom from which defendant had just come when arrested, a pistol found in the bedroom was lawfully seized without a search warrant as an incident to a lawful arrest and was properly admitted into evidence.

APPEAL by defendant from *Fountain, J.,* April 1968 Session of Superior Court of GUILFORD County.

Defendant was tried upon a bill of indictment charging him with the crime of armed robbery, in which it is alleged that he took $25,000 in money from Lloyd Park on 5 August 1967.

Upon his plea of not guilty, trial was by jury and verdict was guilty as charged. From a judgment of imprisonment, defendant appeals, assigning error.

*Attorney General T. W. Bruton and Assistant Attorney General Bernard A. Harrell for the State.*

*Shreve & Carrington by Kenneth M. Carrington for defendant appellant.*

MALLARD, C.J.

Defendant contends that the following two questions are properly presented on this appeal: (1) Did the court err in allowing D. E. Faulkner to testify as to what he found during a search of the defendant's room on the date of the defendant's arrest? (2) Did the court err in allowing the introduction into evidence of State's Exhibit No. VIII, a pistol taken from the defendant's room at the time of his arrest?

As to the defendant's first question, the transcript of the testimony reveals that while the State's witness, David E. Faulkner, was being questioned by the solicitor, the following occurred:

"Q  I hand you now an exhibit marked State's Exhibit No. VIII which is a pistol, and I want to ask you if you can identify that.

A  Yes, sir, this is a Smith & Wesson revolver with serial no. C849198. This revolver was observed by me to be in the bookcase headboard in the bedroom where Mr. Furr was hiding prior to his arrest.

MR. CARRINGTON:  Objection to the word, 'hiding.'

THE COURT:  Overruled." EXCEPTION No. 1

[3]  "The objection is to be made to the question asked, and not to the answer . . ." McIntosh, N. C. Practice 2d, § 1532(4). There was no objection to the question asked, and objection was to only one word in the answer. Defendant contends that the first question is based on his first assignment of error which is supported by his

"Exception No. 1." The defendant objected only to the word "hiding" which does not present the question sought to be presented or any other question. The trial judge ruled on the objection actually made. The exception is only to the objection made.

[1] "When an objection is made upon certain grounds stated, only those stated can be made the subject of review, except where the evidence is excluded by statute." McIntosh, N. C. Practice 2d, § 1532(7).

The objection was limited to the use of the word "hiding" and its use here is not prohibited by statute.

[2] "The assignments of error must be based on exceptions duly noted, and may not present a question not embraced in an exception." 1 Strong, N. C. Index 2d, Appeal & Error, § 24.

The testimony reveals that a pistol marked State's Exhibit No. VIII was identified by the victim of the robbery as having been taken from him at the time of the robbery. This pistol was also identified by the witness Faulkner who testified that on 8 August 1967 he was a Special Agent with the Federal Bureau of Investigation stationed in Baltimore. The witness Faulkner testified that he knew there was a Federal arrest warrant outstanding for the arrest of the defendant for unlawful flight to avoid confinement for housebreaking in North Carolina and that the defendant was also an escapee from a Federal prison sentence for the crime of interstate transportation of stolen motor vehicles, the sentence for which the defendant was serving concurrently. The defendant was in a bedroom of an apartment in Baltimore, Maryland, the door of which closed as the witness Faulkner and other Federal officers were inquiring as to the whereabouts of the defendant. Upon command to come out of the bedroom, the door to the bedroom opened, the defendant came out of the bedroom with his hands raised, as ordered, and was placed under arrest. The pistol identified as State's Exhibit No. VIII was one of two weapons in a bookcase headboard of the bed which were visible to the witness Faulkner as he entered the same bedroom to search immediately after the defendant was arrested.

[4] Defendant had been lawfully arrested by a Special Agent of the Federal Bureau of investigation without a warrant. Under the facts in this case the FBI agent had reasonable grounds to believe that the defendant had committed the felony of unlawful flight to avoid confinement for housebreaking in North Carolina, in violation of 18 U.S.C. § 1073. A violation of the provisions of 18 U.S.C. § 1073 is made a felony cognizable under the laws of the United States

under the provisions of 18 U.S.C. § 1. The power of agents of the Federal Bureau of Investigation to arrest a person without a warrant is prescribed by 18 U.S.C. § 3052 (1967 Cumulative Annual Pocket Part) which, among other things, provides that such agents may arrest without a warrant for felonies cognizable under the laws of the United States where the agent making the arrest has reasonable grounds to believe that the person arrested has committed such a felony.

[5]  From the evidence in the case, we are of the opinion and so hold that the pistol introduced into evidence was seen and seized, without a search warrant, by a Special Agent of the Federal Bureau of Investigation, immediately after and incident to the arrest of the defendant under circumstances not requiring a search warrant. It was not error to permit it to be introduced into evidence. A reasonable search and seizure without a search warrant made incident to a lawful arrest is lawful and evidence obtained thereby is admissible. *State v. Tippett,* 270 N.C. 588, 155 S.E. 2d 269; *State v. Haney,* 263 N.C. 816, 140 S.E. 2d 544; *Draper v. United States,* 358 U.S. 307, 79 S. Ct. 329, 3 L. Ed. 2d 327; *Preston v. United States,* 376 U.S. 364, 84 S. Ct. 881, 11 L. Ed. 2d 777.

In this case the pistol was taken at the time of his arrest from the room in which defendant was first seen and adjacent to the room in which he was lawfully arrested. In our opinion the seizure of the pistol was proper and was not the result of an illegal search.

In the trial we find no prejudicial error.

No error.

CAMPBELL and MORRIS, JJ., concur.