**STATE v. DIMENNA.**
No. F69-200.
Court of Record, Brevard County.
October 27, 1969.

Arthur J. Kutsche, Assistant County Solicitor, Titusville, for the state.

Frank M. Wolfe, Cocoa Beach, for the defendant.

JOE A. COWART, Jr., Judge.

*Order suppressing evidence seized without warrant:* This cause coming on this day to be heard before trial upon motion under CrPR Rule 1.190(h) of the above named defendant to suppress evidence seized without search warrant and the accused being present (CrPR Rule 1.180(5)) and the court having considered said motion and evidence on all issues of fact necessary to rule on said motion and argument of counsel and finding that the state has evidence seized resulting from the arrest and search of the accused without a warrant and that about a month or so before the

arrest the arresting officer, a city policeman, was advised by a police officer of another nearby city "that if I had the opportunity to stop Mr. Dimenna, that the left door panel of his vehicle would contain narcotics, drugs or marijuana" (apparently this was mere suspicion and no probable cause for this belief existed because no search warrant was ever obtained); on the day of the arrest the arresting officer noticed the vehicle (a pick-up truck with a camper body) parked with an expired N. J. tag and when the defendant started to drive if off down the street he was stopped and the arresting officer asked him to step out of the truck; (when the door was open the officer testified he saw in the door an open leather zip compartment in which was a "little eyeglass case" in which was a twisted plastic baggie in which was a "dark substance"); when the defendant admitted he did not have his license with him he was arrested and taken into custody and told he had to go to the station to post a cash bond; the defendant locked the vehicle and at the station was advised that the arresting officer "wanted" the keys to the vehicle and after the officer "insisted" the keys were delivered, the vehicle taken to the police station and there not only the cab but the locked camper compartment in the rear was searched; contraband was evidently found and seized from both the cab and camper; upon these facts, it is the conclusion of this court that this search and seizure was not incidental to the arrest and was therefore unreasonable and illegal and all evidence seized from the accused as the result of the search made incidental to his arrest was unlawfully obtained and should be suppressed.

It is, therefore, ordered and adjudged that all evidence seized from the accused as the result of the search incidental to his arrest be, and the same is hereby, suppressed and shall not be admissible in evidence.

This is a simple case of an arrest of a vehicle driver for a traffic offense and a remote search of the vehicle on suspicion of the presence of contraband. The search was not contemporaneous with the arrest. There was no danger to the officer. The officer had time to seek a search warrant.

The officer did not have "reasonable or probable cause" *before* the vehicle was stopped to believe the vehicle contained contraband, therefore the Carroll rule does not apply. See Carroll v. U. S. (1925), 267 U.S. 132, and §933.19, F. S.

A search of a vehicle incidental to a lawful arrest is justified only to search for weapons and for the fruits of, or instrumentalities used to commit, the crime for which the arrest was made. A later search of a car towed to a garage after its occupants were arrested for vagrancy is unauthorized because not contemporaneous and the

justifications are absent where the search is remote in time or place from the arrest. Preston v. U. S. (1964), 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777.

A warrantless "incidental" search of a vehicle must relate to the offense for which the driver was arrested and be based on probable cause. Dyke v. Taylor Imp. Co. (1968), 391 U.S. 216.

Normally there are no instrumentalities of crime in a traffic offense and therefore no justification for a search for that reason. A general and exploratory search, or a search to seize things to be used purely as evidence, of a vehicle following the driver's arrest for a traffic offense is unreasonable and unlawful. See cases cited in the annotation: *Lawfulness of search of motor vehicle following arrest for traffic violation,* 10 ALR 3d 314 at 338.

A warrantless search of a vehicle for contraband is unreasonable and illegal after the driver is arrested for a traffic offense and removed from the vehicle and surrounded by officers who are in no danger. The search must relate to the arrest. A search after a delayed pretextual arrest is unreasonable. Amador-Gonzalez v. U. S., CA 5th, 1968, 391 F.2d 308; Williams v. U. S., USCCA 5th, 1969, 412 F.2d 729.

The scope of a search incidental to a lawful arrest must be limited to a search of the arrestee's person and the area "within his immediate control", i.e., the area from within which he might gain possession of a weapon or destructible evidence. There is no justification for a warrantless search remote in time or place to the arrest. Chimel v. Calif. (1969), 365 U. S. 752, 89 S.Ct. 2034, 5 CrL 3131. See also Colosimo v. Perini, USCCA 6th, 1969, 6 CrL 2041