**Wayman PATTERSON, Petitioner-Appellant,**

v.

**Russell E. LASH, Warden, Respondent-Appellee.**

**No. 71–1100.**

United States Court of Appeals, Seventh Circuit.

Nov. 10, 1971.

Rehearing Denied Dec. 3, 1971.

Certiorari Denied April 17, 1972. See 92 S.Ct. 1524.

Wayman Patterson, pro se.

Theodore L. Sendak, Atty. Gen., Mark Peden, Deputy Atty. Gen., Indianapolis, Ind., for respondent-appellee.

Before KNOCH, Senior Circuit Judge, KILEY, Circuit Judge, and CAMPBELL, Senior District Judge.[1]

PER CURIAM.

The district court denied habeas relief to petitioner Patterson. He has appealed. We affirm.

The only question is whether evidence introduced at Patterson's Indiana trial for theft requires setting aside his conviction on the ground that the evidence was fruit of an unreasonable search and seizure in violation of his Fourth Amendment right.

A police officer was alerted by radio that an armed robbery had been committed in Ohio by a tall Negro male driving a light blue 1963 Pontiac, and that the suspect had entered the Turnpike. The officer saw a Pontiac and driver meeting the radio description. He stopped the car, arrested Patterson, searched him and found a gun, knife, and $222.00.

Other officers arrived on the scene. Patterson was handcuffed and placed in the patrol car. The officers then searched the trunk of the Pontiac and seized proceeds of the Ohio robbery. They also found items which had been taken in a South Bend, Indiana robbery a week earlier.

Patterson was indicted and tried for the Ohio offense. He was found not guilty when the Ohio trial court excluded the evidence seized from the trunk, because the search violated an Ohio statute[2] imposing limitations upon police searches incidental to an arrest.

Thereafter Patterson was extradited to Indiana to face charges based on the Indiana offense. The trial court admitted into evidence items taken during the search of the Pontiac trunk which pertained to the Indiana offense. It decided the search was reasonable as incidental to Patterson's arrest. Patterson was convicted and the Supreme Court of Indiana affirmed.[3]

Patterson contends that the Indiana trial court denied him Fourth Amendment protection by admitting evidence which he claims was seized in an unreasonable search. Petitioner's reliance on Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964) is misplaced, since there the search was at a different time and place from the arrest. Nor is Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), of any help to petitioner, since that case has prospective application only. Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971).

We hold, contrary to Patterson's contention, that the search was reasonable under Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). On similar facts there the Su-

1. Senior Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

2. Ohio Rev.Code § 5503.02 (1970) provides in pertinent part:

Patrolmen shall have no other right or power of search or of seizure except to take from any person, under arrest or about to be arrested, deadly or dangerous weapons in the possession of such person.

3. Patterson v. State, 255 N.E.2d 520.

**152**

preme Court decided that the officers had probable cause to search Chambers' automobile on the highway. 399 U.S. at 47–52, 90 S.Ct. 1975. See also United States v. Jackson, 429 F.2d 1369, 1371–1372 (7th Cir. 1970). Patterson is unpersuasive in his attempt to distinguish *Chambers* on the ground that there was no probable cause for Patterson's warrantless arrest and search.

 Nor is there merit to Patterson's claim that since the evidence was held to have been illegally obtained under Ohio law, the evidence introduced in Indiana must likewise be excluded. He cites no authority which compels the decision in his favor on this point. The so-called "silver platter doctrine" discussed in Elkins v. United States, 364 U.S. 206, 208 n. 2, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960), on which he relies in this contention is inapposite. The sole question for us is whether under federal constitutional law the evidence used in Indiana was inadmissible as fruit of an unreasonable search in denial of Patterson's Fourth Amendment right. In *Elkins* the Court commented:

> The test is one of federal law, neither enlarged by what one state court may have countenanced, nor diminished by what another may have colorably suppressed.

364 U.S. 206, 224, 80 S.Ct. 1437, 1447 (1960). We have held hereinabove that the pertinent search did not violate the Fourth Amendment.

Finally, we see no merit whatever in Patterson's claim that the Indiana court failed to give full faith and credit to the Ohio trial court's ruling which excluded the evidence at the Ohio trial. He relies on an Indiana statute[4] barring prosecution or indictment in Indiana for an act charged as a public offense within the jurisdiction of another state as well as within that of Indiana.

It is clear to us that the statute is not applicable here in favor of Patterson where the claim is merely that the trial judge in Ohio ruled differently from the Indiana trial judge with respect to the admissibility of the fruits of the search. The Indiana Supreme Court in Patterson's case on appeal did dispose of the question by saying, "We do not feel bound by a decision of an Ohio trial court." 255 N.E.2d 520, 521. The decision the court was referring to was the Ohio court's ruling which excluded the evidence subject of the search.

Affirmed.

---

4. Burns' Ind.Stat.Ann. § 9–215, IC 1971, 35–1–2–15 (1956) reads as follows: Judgment in another state. When an act charged as a public offense is within the jurisdiction of another state, territory or country, as well as within the jurisdiction of this state, a conviction or acquittal thereof in the former is a bar to a prosecution or indictment therefor in this state.