STATE v. GORDON E. WATTS, JR.

198 N. W. 2d 283.

June 2, 1972—No. 42639.

C. *Paul Jones,* State Public Defender, and *Jerome D. Truhn,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *John M. Mason,* Solicitor Gen-

eral, and *Robert F. Carolan,* Special Assistant Attorney General, for respondent.

Heard by Knutson, C. J., and Rogosheske, Todd, and Mason, JJ. Considered and decided on the record by the court en banc.

PER CURIAM.

Defendant, Gordon E. Watts, Jr., appeals from his conviction on five counts of aggravated robbery and from the denial of his motion for a new trial. In response to the issues raised on appeal, we rule that defendant's arrest was lawful, the evidence seized was properly admitted, and there is more than ample evidence to sustain his conviction.

The facts surrounding defendant's arrest, which support in part his conviction and which link defendant to his accomplice, are well set out in State v. Bruno, 293 Minn. 84, 196 N. W. 2d 459 (1972), in which we affirmed the conviction of defendant's accomplice, Sam Bruno. The peculiar facts concerning the prompt investigation of the nighttime robbery and leading to defendant's arrest supported a reasonable ground of suspicion and warranted a cautious man in believing defendant was one of the participants in the robbery. Thus, there was probable cause to arrest defendant. State v. Sorenson, 270 Minn. 186, 196, 134 N. W. 2d 115, 122 (1965); State v. Bruno, *supra.* Furthermore, our examination of the record compels the conclusion that defendant was arrested after he had voluntarily returned to the scene of the robbery and had voluntarily suggested and consented to a search of the car in a manner consistent with efforts of one attempting to allay any suspicion of his involvement. The incriminating evidence, observed during the first search to which defendant had consented, was seized after the arrest during a second search of the car. That search was incident to a valid arrest in compliance with Fourth Amendment standards, and the evidence was properly admitted at trial. Chambers v. Maroney, 399 U. S. 42, 90 S. Ct. 1975, 26 L. ed. 2d 419, rehearing denied, 400 U. S. 856, 91 S. Ct. 23, 27 L. ed. 2d 94 (1970); State v. Sorenson, *supra.* Cf. Preston v. United States, 376 U. S. 364, 84 S. Ct. 881, 11 L. ed. 2d 777 (1964). Finally, the evidence leading to the arrest, the evidence seized incident thereto, and the additional evidence produced at trial adequately support defendant's conviction.

Affirmed.

MR. JUSTICE MASON took no part in the consideration or decision of this case.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.