STATE of Tennessee, Appellee,

v.

Johnny B. HARRISON, aka Danny Harrison, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

June 23, 1988.

David H. King, Alexander, King & Williams, Franklin, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

REID, Judge.

This case presents an appeal pursuant to Rule 37(b)(2)(i), T.R.Cr.P. from a conviction of simple possession of marijuana. The certified question of law is the validity of a warrantless search.

Appellant was indicated for larceny and receiving and concealing stolen property, a dog, valued at less than $200.00, and possession of marijuana for resale. Upon Appellant's motion to suppress evidence, the marijuana, the court found that Appellant did not consent to the search but upheld the search on the ground that it was incident to a lawful arrest. The parties stipulated that the search issue is dispositive of the case. Appellant entered a plea of guilty to simple possession and the charges relating to the dog were dismissed.

The facts also are stipulated. City of Franklin police officers went to Appellant's home to investigate the theft of a dog. The officer who went to the back door was invited into the house by Appellant, who, at the officer's suggestion, admitted other officers at the front door. The officers questioned Appellant about the dog and Appellant agreed to take them to the dog which was at another location.

The first officer who entered the residence noticed that Appellant sat on a bank bag lying on a kitchen chair and watched the bag as he went to the front door to admit the other officers. The officer also noticed that while moving about the room during the discussion regarding the dog Appellant surreptitiously hid the bag behind a stereo speaker.

The officer related her observations to the sergeant conducting the investigation who requested to see the bag. Appellant hesitated but reluctantly agreed to surrender the bag, realizing that voluntary surrender, in the words of the sergeant, "was the lesser of two evils" and that the officers were going to examine the bag "one way or another". Appellant went to the place where the bag was hidden and "fumbled" for a time, whereupon the sergeant recovered from behind the speaker the bag and the incriminating evidence. While at the residence the sergeant placed Appellant under arrest for receiving and concealing stolen property but allowed him to drive his car to locate the dog and then to the police station, where Appellant was charged with receiving and concealing stolen property and possession of marijuana.

The State undertakes to sustain the search on the ground that it was contemporaneous with a lawful arrest. Remoteness as to time or place prevents a search from being valid as incident to arrest, *Preston v. United States*, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); however, contemporaneousness alone does not give the search validity. The Fourth Amendment to the United States Constitution and Article I, Section 7 of the Tennessee Constitution, as applied in *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) and *State v. McMahan*, 650 S.W.2d 383 (Tenn.Crim.App.1983), strictly limit search without a warrant incident to lawful arrest to search of the body of the person being arrested and the area within his immediate control. The justification for this limited search without a warrant is to protect the arresting officer from the arrestee and prevent destruction of evidence by the arrestee. The area within which the arres-

tee might gain possession of a weapon or destructible evidence, the "grab area", which may be searched, does not extend to closed or concealed areas of the room in which the arrest is made. In *State v. McMahan, supra,* this Court stated:

> Next, the State attempts to justify the search as incident to a lawful arrest. The scope of such searches is limited to "search of the arrestee's person and the area 'within his immediate control'", i.e., the area from within which he might gain possession of a weapon or destructible evidence, the so-called "grab area". *Chimel v. California,* 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969). The United States Supreme Court specifically held that there is no comparable justification for routinely searching any room other than the one in which the arrest occurs or searching through closed or concealed areas of that room.

*Id.,* at 386.

The search which produced the incriminating evidence was not accomplished for the protection of the officers, to prevent Appellant's escape, or to protect evidence relating to receiving or concealing a stolen dog, the only crimes with which Appellant had been charged. Appellant was allowed to move freely about the house and drive alone in his car to locate the dog and then to the police station. The bag could not reasonably contain destructible evidence of any crime relating to the dog.

The record does not support the court's finding that the warrantless search was incident to arrest. It therefore was in violation of federal and state constitutional prohibitions against unreasonable searches.

The judgment is reversed.

BYERS and WADE, JJ., concur.